UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

ALLAN DANIEL MARTINEZ,                                :
                                                      :
                        Plaintiff,                    :
                                                      :
            -against-                                 :        **20 Civ. 8705**
                                                      :
280 KATONAH CORP. d/b/a LA FAMILIA                    :
PIZZA & PASTA OF KATONAH, 888 WORK, LLC               :        **COMPLAINT**
d/b/a LA FAMILIA PIZZA & PASTA OF CROSS               :
RIVER, MIRASH VATAJ, and FROK DUHANAJ,                :
                                                      :
                        Defendants.                   :
------------------------------------------------------------------------ X

Plaintiff Allan Daniel Martinez ("Plaintiff" or "Martinez") by his attorneys Pechman Law Group PLLC, complaining of defendants 280 Katonah Corp. d/b/a La Familia Pizza & Pasta of Katonah ("LF Katonah"), 888 Work, LLC d/b/a La Familia Pizza & Pasta of Cross River ("LF Cross River"), Mirash Vataj, and Frok ("Frank") Duhanaj (collectively, "Defendants"), alleges:

## NATURE OF THE ACTION

1.      Allan Daniel Martinez worked as a delivery person, salad maker, and cleaning and stocking person at La Familia pizza restaurants in Katonah and Cross River. Martinez frequently worked sixty to seventy-two hours per week but was neither compensated at the statutory minimum wage rate nor paid overtime wages at time and a half for hours worked over forty in a workweek.  He also did not receive spread-of-hours pay when he worked shifts longer than ten hours per day.  Moreover, Martinez did not receive a wage notice upon hiring or when his rates of pay changed, and he did not receive wage statements with each payment of his wages.

2.      Martinez brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the

New York State Wage Theft Prevention Act ("WTPA") seeking injunctive and declaratory relief against Defendants' unlawful actions and to recover unpaid overtime wages, spread-of-hours pay, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION

3.    This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4.    Venue is proper in the United States District Court, Southern District of New York pursuant to 28 U.S.C. § 1391, as all facts alleged in this Complaint occurred at LF Katonah and LF Cross River, located in the Southern District of New York.

## THE PARTIES

**Plaintiff Allan Daniel Martinez**

5.    Allan Daniel Martinez resides in Putnam County, New York.

6.    Defendants employed Martinez as a delivery worker, salad person, and to perform cleaning and stocking tasks from approximately January 2018 through May 1, 2020.

7.    Throughout his employment, Martinez was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that have been moved in or produced for commerce.

8.    Throughout his employment, Martinez was an employee within the meaning of the FLSA and NYLL.

2

**Defendant 280 Katonah Corp.**

9.      Defendant 280 Katonah Corp. is a New York corporation that owns, operates, and does business as La Familia Pizza & Pasta of Katonah, a pizza restaurant located at 280 Katonah Avenue, Katonah, NY 10536.

10.     LF Katonah has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11.     Since 2018, LF Katonah has employed more than eleven employees per year.

12.     LF Katonah had an annual gross volume of sales in excess of $500,000 within the three years prior to the filing of this Complaint.

13.     LF Katonah is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

**Defendant Frok ("Frank") Duhanaj**

14.     Defendant Frok Duhanaj is the owner and chief executive officer of 280 Katonah Corp. d/b/a LF Katonah.

15.     Duhanaj is known as "Frank" at LF Katonah.

16.     Duhanaj interviewed and hired Martinez to work at LF Katonah.

17.     Duhanaj determined Martinez's wage rates throughout his employment at LF Katonah.  For example, Duhanaj decided to pay Martinez $700 per workweek while Martinez worked as salad cook at LF Katonah.

18.     Duhanaj set Martinez's work schedules throughout his employment at LF Katonah.

3

19.     Duhanaj changed Martinez's position from delivery person to salad cook in approximately March 2018.

20.     Duhanaj had the power to terminate Martinez's employment at LF Katonah.

21.     Duhanaj exercises sufficient control over the operations at LF Katonah to be considered Martinez's employer under the FLSA and NYLL.

**Defendant 888 Work, LLC**

22.     Defendant 888 Work, LLC is a New York limited liability company that owns, operates, and does business as La Familia Pasta & Pizza of Cross River, a pizza restaurant located at 121-35 Cross River Plaza, Cross River, NY 10518.

23.     LF Cross River has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

24.     Since 2018, LF Cross River has employed more than eleven employees per year.

25.     LF Cross River had an annual gross volume of sales in excess of $500,000 within the three years prior to the filing of this Complaint.

26.     LF Cross River is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

**Defendant Mirash Vataj**

27.     Defendant Mirash Vataj owns LF Cross River.

28.     Upon information and belief, Vataj owns at least part of LF Katonah.

29.     Vataj manages the operations of LF Cross River.

4

30.    Throughout Martinez's employment, Vataj has been regularly present at LF Cross River and directed the manner in which employees, including Martinez, performed their duties and assignments.   For example, Vataj would tell Martinez to clean the windows, clean tables, and place napkin dispensers on each table.

31.    Throughout Martinez's employment, Vataj hired and fired employees at LF Cross River.  For example, Vataj fired Martinez.

32.    Throughout Martinez's employment, Vataj established the pay rates of employees at LF Cross River, including those of Martinez.  For example, Vataj decided Martinez's his hourly wage rates and directed managers to distribute to Martinez and to other employees their weekly wages.

33.    Throughout Martinez's employment, Vataj had the power to reassign employees from LF Cross River to LF Katonah.  For example, on one instance when the LF Katonah location lost power, Vataj had workers from that location work at the LF Cross River location.

34.    Throughout Martinez's employment at LF Cross River, Vataj would set the work schedule of Martinez and other employees LF Cross River employees.

35.    Vataj exercises sufficient control over the operations at LF Cross River to be considered Martinez's employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

**Plaintiff's Side Work**

36.    Throughout his employment with Defendants as a delivery worker, Martinez spent at least twenty-five percent (25%) of his working time per day performing non-tipped work in between deliveries and at the beginning and end of each shift.

5

37.     Martinez's non-tipped work at the beginning of each shift and in between deliveries included stocking the refrigerator with beverages, refilling condiments, refilling napkin holders, folding pizza boxes, and wiping down windows and tables.

38.     Martinez's non-tipped work at the end of each shift included sweeping and mopping the floor and collecting and taking out the trash.

**Defendants' Failure to Pay Plaintiff His Wages Due**

39.     Martinez worked at LF Katonah from approximately January 2018 until May 2018.

40.     From approximately January 2018 to March 2018, Martinez regularly worked approximately twenty hours per workweek as a delivery person.

41.     During this period,  Defendants paid Martinez $8 per hour worked.

42.     From approximately March  2018 to May 2018, Martinez worked as a salad maker six days per week, approximately twelve hours per day, totaling approximately seventy-two hours per workweek.

43.     During this period, Defendants paid Martinez a weekly salary of $700.

44.     Martinez worked at LF Cross River as a delivery person from approximately June 4, 2018, through May 1, 2020.

45.     From approximately June 2018 to May 1, 2020, Martinez regularly worked six days per week, from 11:00 a.m. to a time between 9:30 p.m. and 10:00 p.m., totaling approximately sixty to sixty-two hours per workweek.

46.     From approximately June 2018 through April 15, 2020, Defendants paid Martinez $8 per hour worked, including for hours worked over forty per workweek.

47.     For example, for the workweek of July 9 to 14, 2018, Martinez worked Monday through Saturday at LF Cross River.   On this workweek, he worked

6

approximately 64 hours and was paid approximately $512, equal to $8 per hour times his 64 hours worked.

48.     For this workweek, Defendants should have paid Martinez at least $440 for his first forty hours worked (*i.e.*, $11 statutory minimum hourly wage rate multiplied by 40 hours), at least $396 for 24 overtime hours worked (*i.e.*, $16.50 minimum overtime wage rate multiplied by 8 overtime hours), and at least $66 in spread-of-hours pay (*i.e.*, $11 minimum wage rate times six shifts worked that were longer than ten hours), for total gross wages of $902.

49.     For example, for the workweek of November 18 to 24, 2019, Martinez worked Monday through Saturday at LF Cross River.  On this workweek, he worked approximately 60 hours and was paid approximately $480, equal to $8 per hour times his 60 hours worked.

50.     For this workweek, Defendants should have paid Martinez at least $480 for his first forty hours worked (*i.e.*, $12.00 statutory minimum hourly wage rate multiplied by 40 hours), at least $360 for 20 overtime hours worked (*i.e.*, $16.50 minimum overtime wage rate multiplied by 8 overtime hours), and at least $72 for his six spread-of-hours shifts worked (*i.e.*, $12 minimum wage times six shifts that were longer than ten hours) for total gross wages of $912.

51.     For the last two weeks of his employment, from approximately April 15, 2020, through May 1, 2020, Defendants paid Martinez $7 per hour for all hours worked, including those over forty per workweek.

52.     Throughout his employment, Defendants did not pay Martinez an extra hour of pay at the statutory minimum wage rate when his workday spanned over ten hours.

53.     Throughout his employment, Martinez received his wages in cash, without accompanying wage statements.

54.     Defendants did not furnish Martinez with a wage notice when he was hired at either of Defendants' restaurants or whenever his rate of pay changed.

## FIRST CLAIM
### (NYLL – Unpaid Minimum Wages)

55.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

56.     Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") Regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, and employed Plaintiff.

57.     The NYLL and its supporting regulations require that employers pay employees at least the minimum wage for all hours worked weekly up to forty.

58.     The minimum wage provisions of Article 19 of the NYLL and the supporting NYDOL regulations apply to Defendants.

59.     Defendants were not eligible to avail themselves of the tipped minimum wage rate under the NYLL because:

     a.     Defendants were required but failed to inform Plaintiff of the tip credit provisions of the NYLL and the supporting NYDOL Regulations;

     b.     Defendants required Plaintiff to spend more than twenty percent of his shifts, or at least two hours per shift, performing non-tipped work; and

     c.     To the extent Defendants took a tip credit against Plaintiff's wages, the tip credit taken exceeds the maximum tip credit allowed against Plaintiff's wages. *See* 12 N.Y.C.R.R. § 146–1.3(a)(1)(ii).

60.     Defendants failed to pay Plaintiff the minimum hourly wages to which he is entitled under the NYLL.

61.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff minimum hourly wages.

62.     As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover his unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## SECOND CLAIM
## (FLSA – Unpaid Overtime Wages)

63.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

64.     Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly wage rates for all hours worked in excess of forty per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq.*

65.     Defendants have failed to pay Plaintiff overtime wages to which he is entitled under the FLSA.

66.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

67.     Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of the action.

## THIRD CLAIM
## (NYLL – Unpaid Overtime Wages)

68.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

69.     Under the NYLL and supporting NYDOL regulations (*i.e.*, 12 N.Y.C.R.R. Part 146), Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly wage rates per hour worked in excess of forty per workweek.

70.     Defendants have failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL.

71.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

72.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

## FOURTH CLAIM
### (NYLL – Spread-of-Hours Pay)

73.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

74.     Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shifts spread over more than ten hours.

75.     By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting NYDOL Regulations, including, but not limited to, 12 N.Y.C.R.R. § 146-1.6.

76.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid spread-of-hours pay, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

10

## FIFTH CLAIM
### (NYLL – Failure to Provide Wage Notices)

77.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

78.     Defendants failed to furnish Plaintiff with a notice at the time of hiring and whenever his rates of pay changed reflecting the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; and anything otherwise required by law in violation of NYLL § 195(1).

79.     Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages of $50 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees and costs, and disbursements of the action, pursuant to NYLL § 198(1–b).

## SIXTH CLAIM
### (NYLL – Failure to Provide Accurate Wage Statements)

80.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

81.     Defendants failed to furnish Plaintiff with a statement at the end of each pay period accurately reflecting:  rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

82.     Due to Defendants' violation of the NYLL, § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages of $250 per workday, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1–d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a.     declaring that Defendants have violated the minimum wage provisions of the NYLL and NYDOL regulations;

b.     declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and NYDOL regulations;

c.     declaring that Defendants have violated the overtime wage provisions of the FLSA, NYLL, and NYDOL regulations;

d.     declaring that Defendants violated the wage notice and wage statement provisions of the NYLL and WTPA;

e.     declaring that Defendants' violations of the FLSA and NYLL were willful;

f.     enjoining future violations of the FLSA and NYLL by Defendants;

g.     awarding Plaintiff damages for unpaid overtime wages, minimum wages, and spread-of-hours pay;

h.     awarding Plaintiff liquidated damages pursuant to the FLSA and the NYLL;

i.     awarding Plaintiff statutory damages as a result of Defendants' failure to furnish Plaintiff with wage notices and wage statements pursuant to the NYLL and WTPA;

j.      awarding Plaintiff pre- and post-judgment interest under NYLL;

k.      awarding Plaintiff his reasonable attorneys' fees and costs incurred

in prosecuting this action pursuant to the FLSA and the NYLL; and

l.      awarding such other and further relief as the Court deems just and

proper.

Dated:  New York, New York
        October 19, 2020

                                    PECHMAN LAW GROUP PLLC

                                    By: _s/ Louis Pechman_____
                                        Louis Pechman
                                        Gianfranco Cuadra
                                        488 Madison Avenue, 17th Floor
                                        New York, New York 10022
                                        Tel.: (212) 583-9500
                                        pechman@pechmanlaw.com
                                        cuadra@pechmanlaw.com
                                        *Attorneys for Plaintiff*